**UNITED STATES of America,**
**Appellee,**

v.

**Francisco Alan GONZALEZ,**
**Defendant–Appellant.**

**Docket No. 00–1551.**

United States Court of Appeals,
Second Circuit.

July 17, 2002.

Michael O'Brien, Syosset, NY, for Appellant.

Michael G. McGovern, Assistant United States Attorney (David Raymond Lewis, Assistant United States Attorney, of counsel, Mary Jo White, United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and is **AFFIRMED.**

Francisco Alan Gonzalez appeals from a judgment of conviction entered by the United States District Court for the Southern District of New York (Denny Chin, *Judge* ) upon his guilty plea to conspiracy to commit robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951. Gonzalez claims that his plea was not "knowing and voluntary" because "there was no allocution of factual guilt of the count of the indictment." Appellant's Br. at 13. Specifically, Gonzalez claims that he did not allocute to an agreement to steal a pneumatic ratchet wrench, as charged in the indictment, nor did he allocute to any knowledge of—or intent to have—an effect on interstate commerce. *Id.*

Count 1 of the Superseding Indictment, to which Gonzalez pled guilty, charged that he and others "conspired to rob a car dealership and adjacent living quarters in the Bronx, New York, and stole, among other things, a pneumatic ratchet wrench belonging to that dealership, and did thereby obstruct, delay, and affect [interstate] commerce." As that language makes clear, Gonzalez was *not* charged with conspiring to steal a ratchet wrench, but rather, with a conspiracy to rob generally, which robbery resulted in the theft of a wrench. Accordingly, the Government did not have to prove that Gonzalez agreed to steal a specific item, such as the wrench, and it was not necessary for him to allocute to such an agreement for the District Court to accept his plea. *See, e.g., United States v. Heimann,* 705 F.2d 662, 666 (2d Cir.1983) ("Because proof at trial need not, indeed cannot, be a precise replica of the charges contained in the indictment, this court has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial." (internal quotation marks omitted)); *accord United*

*States v. Frank,* 156 F.3d 332, 337 (2d Cir.1998) (quoting *Heimann* ).

Nor was it necessary for the Government to prove that Gonzalez had the specific intent to affect commerce. Rather, it needed only prove that Gonzalez conspired to perform acts that would have that natural effect. *See United States v. Arena,* 180 F.3d 380, 390 (2d Cir.1999).

At the plea proceeding, Gonzalez told the Court that he agreed "to help" three men to take "money" and "drugs" from "the owner of the store"—"an auto shop"—"by force." Tr. of Plea Proceeding at 17–19. This allocution was sufficient to provide a factual basis for Gonzalez's plea. *See United States v. Calder,* 641 F.2d 76, 78 (2d Cir.1981); *United States v. Augello,* 451 F.2d 1167, 1169–70 (2d Cir.1971).

To the extent Gonzalez argues that the District Court failed to insure that Gonzalez knew "the nature of the charge to which the plea [was] offered," his right to representation, his right to plead not guilty, or the possible consequences of his plea, *see* Fed.R.Crim.P. 11(c), or that the District Court failed to insure that the plea was voluntary, *see* Fed.R.Crim.P. 11(d), we reject his arguments. We have reviewed the transcript of the plea proceeding and find no error by the District Court.

For the reasons set forth above, we affirm the judgment of the District Court.